1
2
3
4
5
6
7
8
9
10
11
12
13

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| DAVID GILL, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR WESTMOORE MANAGEMENT, LLC; WESTMOORE INVESTMENT, LP; WESTMOORE CAPITAL MANAGEMENT, INC.; WESTMOORE SECURITIES, INC.; WESTMOORE CAPITAL, LLC; WESTMOORE LENDING OPPORTUNITY FUND; and WESTMOORE HOLDINGS, INC.<br><br>Plaintiffs,<br><br>vs.<br><br>MATT R. JENNINGS; et al<br>Defendants. | Case No. SACV 12-02235 AG (MLGx)<br><br>**Assigned to Hon. Andrew J. Guilford**<br>Courtroom 10D<br><br>**ORDER RE: CONFIDENTIALITY OF DOCUMENTS AND INFORMATION** |

Based upon the Stipulation Re: Confidentiality of Documents and Information filed by the parties, and for good cause shown, the court orders as follows:

1. This stipulated confidentiality agreement and protective order ("Protective Order") shall govern the production, use and handling of confidential documents and information produced by ay party in any form in the above-captioned litigation (collectively "Material").

2. Any party or nonparty may designate as "Confidential" the following documents or information, if the party in good faith believes that those documents or information contain confidential, sensitive, personal and/or financial information, which any Party or non party contends should be protected from disclosure pursuant to this Protective Order – such documents or information are limited to documents containing personal information and data of investors, borrowers or employees.

3. Plaintiffs believe in good faith that some of the Documents contain Personally Identifiable Information that is entitled to protection and confidential treatment under applicable law.

4. <u>GOOD CAUSE STATEMENT</u>.  Plaintiffs maintain that good cause exists for entering a protective order as to the category of documents identified in paragraph 2 above pertaining to documents and data containing confidential and personally identifiable information including social security numbers, federal identification numbers, personal telephone numbers, address, personal email addresses, details of personal finances, income tax returns and other confidential personal finance information, which courts have recognized are subject to confidentiality protection. *See, e.g., TBG Ins. Services Corp. v. Superior Court*, 96 Cal.App.4th 443, 454, 117 Cal. Rptr.2d 155 (2002) ("Appropriate protective orders can define the scope of [the employer's] inspection and copying of information on the computer to that which is directly relevant to the litigation, and can prohibit the unnecessary copying and dissemination of [the employee's] financial an other

information that has no rational bearing on this case"); *Coleman v. Schwarzenegger*, No. CIV S-90-0520 LKKJFMP/ No. C01-1351 TEH, 2008 WL 2545072, *2-*3 (E.D. Cal./ N.D. Cal. 2008) (Expanding/Modifying the protective order to protect "[t]hat part of documents and information produced in these proceedings that sets froth in unredacted form personal information, including but not limited to inmate names and identification numbers, and employee social security numbers, federal identification numbers, personal telephone numbers, addresses, or personal e:mail addresses"); *Hill v. Eddie Bauer*, 242 F.R.D. 556, 563 (C.D. Cal. 2007) ("[T]o assure that employees' personal information provided to Plaintiffs is protected, the Court is issuing a limited protective order to be complied with by the parties… and that Order requires that any document with an employee's private information, such as a home address, a telephone number, and a social security number, if filed with the Clerk, shall have that information redacted").

5. Confidential Material produced in this litigation shall be used solely and exclusively for purposes of the prosecution and/or defense of this litigation; it shall not be used by such persons for any other purpose not directly related to this litigation.

6. Due to the substantial number of documents to be produced by Plaintiffs containing Confidential Material, it is impracticable for Plaintiffs to individually designate documents as Confidential and all documents produced by Plaintiffs containing personally identifiable information, financial account information or the like should be treated as if each individual document bears the word "Confidential" and should be subject to this Protective Order; however, such documents may be used, as allowed by law and the applicable rules of evidence, without requiring filing under seal if such confidential information is appropriately redacted by the party using such documents or the Confidential Information pertains solely to the party using such documents. If Defendants produce or file a document or thing in this proceeding, Defendants may designate it at the time of its production as subject to

this Protective Order by designating the Material as Confidential by typing or stamping on each page so designated (without obscuring or defacing the Material) "Confidential."  In the event that such Material is disclosed in a non-paper medium (CD's, DVD's, Computer memory cards or hard drives, etc.), the notation "Confidential" shall be affixed outside of the medium or its container so as to clearly give notice of the designation.  The Parties agree to exercise good faith in evaluation whether Materials should be designated Confidential pursuant to this Protective Order by abiding by the following procedure: If a party intends to file a document that has been produced in discovery, the document will be identified (with a copy provided, if then available) no less than 2 business days before filing, so the producing party has an opportunity to designate all or part of a document as confidential and, if practicable, work with the other party to reach agreement as to how the document can be filed in an acceptable form.  For example, if someone wants to file a document that has a social security number, the filing party should just redact the social security number unless it is important to the court's ruling, and then there would not be a need for a party to try to file the document under seal.

      7.    If a Party, through inadvertence, produces any Confidential Material without labeling or otherwise designating it as such in accordance with the provisions of this Protective Order, the producing Party may give written notice to counsel for the receiving Party, and the receiving Party shall treat the inadvertently produced Material as if it has been originally labeled as "Confidential," shall undertake reasonable efforts to retrieve all copies of such documents that may have been disclosed, and shall label all copies of such documents as "Confidential."

      8.    If, at any time, one of the Parties disagrees with or challenges the grounds or basis for the designation of any document or information as Confidential Material, that Party shall nevertheless treat and protect such Material in accordance with this Protective Order until and unless the other Party agrees in writing, or an order of the Court has been entered and becomes enforceable, which provides that

such challenged Confidential Material may be used or disclosed in a manner different from that specified in this Protective Order. In the event of such a disagreement, the Party making the designation will have the burden of establishing that the information is confidential.

9. Nothing in this Protective Order shall preclude any Party from seeking and obtaining, upon a showing of good cause, additional protection with respect to the confidentiality of documents or other information, including, but not limited to, additional restrictions on disclosure to the Parties herein.

10. Before disclosing any Confidential Material (except Material that the Party itself has designated as "Confidential") with any person or entity that is not a Party to this action, or an employee of a Party to this action, the Party wishing to disclose the information will first obtain a written agreement from the third party agreeing to the terms of this Protective Order, including maintaining confidentiality of the information and agreeing not to disclose it to any other person or persons. The Parties agree that sharing such information with third parties shall be limited solely for the purpose of litigating this action. Counsel seeking to disclose such Confidential Material shall cause each such person to execute the "Consent to be Bound," the form of which is attached hereto as Exhibit "A." Notwithstanding anything to the contrary contained in this paragraph or in this Protective Order, Confidential Material may be revealed to (a) the Court and its staff; (b) to all counsel, paralegals, secretaries and other staff employed by counsel for any of the Parties who have a legitimate need to view the Confidential Material for purposes of prosecuting or defending the litigation; and (c) to court reporters transcribing a deposition, hearing or other proceeding in this matter, without requiring the signing of Exhibit "A."

11. For applications and motion to the Court for which a party submits Confidential Material, such papers shall be accompanied by an application, pursuant to Local Rule 79-5.1, to file the papers – or the confidential portion thereof – under

seal. The application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal. All such Confidential Information which is submitted to the Court shall be filed in sealed envelopes or other appropriate sealed containers, which envelopes or containers shall indicate: the title of the action to which it pertains; and indication of the nature of the contents of the sealed envelope or other container; and the phrase "CONFIDENTIAL INFORMATION" or words to that effect.

12. If any Confidential Material is presented at, or is the subject of inquiry during a deposition, counsel for the Party whose Confidential Material is disclosed or inquired may notify the deposition reporter to separately transcribe the portion of the deposition testimony during which Confidential Material is discussed. That portion of the deposition shall be deemed Confidential Material, and such portion of the deposition shall be stamped "CONFIDENTIAL INFORMATION" or words to that effect. This Protective Order does not preclude presenting the original of the transcript in its entirety to the deponent for review, correction and signing.

13. This Protective Order shall continue in full force and effect with respect to all Confidential Material, whether or not offered into evidence at trial, until another order modifies, supersedes or terminates it, and shall be enforceable as any other order of the Court. At the conclusion of this litigation (including exhaustion of all appeals), all such Confidential Material shall be destroyed or returned to the Party who produced it and no Party, expert, consultant or any other person or entity to whom such Confidential Material was produced shall retain any copies of such Confidential Material. This paragraph does not pertain to trial exhibits, pleadings or correspondence delivered in this litigation.

14. Nothing contained herein shall prevent any Party from using or disclosing its own Confidential Material without having to comply with the terms of this Protective Order.

15. The Court shall retain jurisdiction to make such amendments, modifications, deletions, or additions to this Protective Order as the Court may from time to time deem necessary or appropriate.

16. This Protective Order shall remain in full force and effect until another order, if any, modifies, supersedes or terminates it, and shall be enforceable as any other order of the Court. Until such time as the Court rules on this stipulated Protective Order, the Parties agree to be bound by its terms.

IT IS SO ORDERED.

Dated: December 18, 2013

_____
Hon. JEAN P. ROSENBLUTH
United States Magistrate Judge

# EXHIBIT "A"

# FORM OF CONSENT TO BE BOUND

I, _____, declare as follows:

1. I have been provided with a copy of the Stipulation and Order Re: Confidentiality of Documents and Information issued in this action, and have read and understand its terms.

2. I hereby consent to be bound by the terms of the Stipulation and Order. I further consent to the jurisdiction of the United States District Court for the Central District of California for the purposes of any proceeding to enforce the terms of the Stipulation and Order or to punish the breach thereof.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on _____, at _____.

_____